(120 App. Div. 414)

GRAHAM v. CITY OF NEW ROCHELLE.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

MUNICIPAL CORPORATIONS—TORTS—OBSTRUCTIONS ON SIDEWALKS.

The act of a city in allowing an obstruction composed of three flagstones, placed one on top of the other, to remain on its sidewalk, where the walk was only 3 feet wide, and the stones extended over 11 inches of the walk, constituted negligence, rendering it liable for injuries resulting from the obstruction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1631.]

Appeal from Westchester County Court.

Action by Catherine Graham against the city of New Rochelle. From a judgment for plaintiff, and an order overruling defendant's motion for a new trial, it appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Joseph T. Brown, Jr., for appellant.
Michael J. Tierney, for respondent.

HIRSCHBERG, P. J. The plaintiff's recovery is for injuries sustained in consequence of falling over an obstruction in one of the public streets of the city of New Rochelle, on the night of January 13, 1906. The obstruction consisted of three flagstones piled on the sidewalk by an abutting owner in order to make a step to a slight embankment at the inner edge of the sidewalk. The obstruction had been allowed to remain on the sidewalk for a long period of time, and the questions, both of the defendant's and of the plaintiff's negligence, were properly submitted to the jury in a careful charge, to which no exception was or could have been reasonably taken by the defendant.

The main contention by the appellant appears to be that it was not negligence on behalf of the city to permit the step, consisting of the three flagstones, placed one on top of the other, to remain on the sidewalk; the view taken being that the obstruction was not dangerous, but was justified by the adjudicated cases, which uphold the propriety of maintaining carriage or stepping stones upon the sidewalks at or near the curb. I see no analogy. In the cases where such carriage stones have been justified, they were not of unusual size and were so located as to still leave sufficient room for the passage of the public. In this case, however, there is evidence tending to prove that the entire sidewalk at the place in question was only three feet in width, that the stones which formed the obstruction extended over eleven inches of the paved walk, leaving only two feet and one inch between the obstruction and the curb  The jury has found, under the charge of the learned county judge, submitting that question to them, that in the circumstan-

ces the step constituted a dangerous obstruction, and, in view of its
location and the very narrow sidewalk, the conclusion could not be
successfully impeached.

The judgment and order should be affirmed.

Judgment and order of the County Court of Westchester county affirmed,
with costs. All concur.